UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SUSQUEHANNA COMMERCIAL FINANCE, INC.** | : | Civil No. 1:09-CV-2012 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **VASCULAR RESOURCES, INC.,** | : | |
| et al., | : | (Magistrate Judge Carlson) |
| | : | |
| **Defendants.** | : | |

**REPORT AND RECOMMENDATION**

I.  **Statement of Facts and of the Case**

This is a civil action brought by Susquehanna Commercial Finance, Inc., against a number of defendants, including Joe Vasconcellos. As part of a settlement of this case as to the principal defendants the district court entered judgment in favor of the plaintiff as to defendants Congero Development, LLC, Congero Management LLC, Gary Savlov, Bruce Wallace, Kathryn Wallace, and Vascular Resources, Inc., pursuant to the terms of the settlement agreement between these parties. (Docs. 153,154, 155.)

In connection with its pre-trial case management duties, this Court , in turn, directed the Plaintiff to report regarding whether it intended to pursue its claims

against the last remaining defendant, Joe Vasconcellos, in light of the resolution of this case as to all other defendants. (Doc. 152.) In response to this direction, the plaintiff has now filed a notice as to the sole remaining named defendant, Joe Vasconcellos, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure seeking to voluntarily dismiss this complaint without prejudice. (Doc. 156.)

Rule 41(a)(1)(A)(i) provides as follows:

**(a) Voluntary Dismissal.**

**(1)** *By the Plaintiff.*

**(A)** *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

**(i)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.

F.R.Civ. P., Rule 41(a)(1)(A)(i).

In this case it appears that no answer or summary judgment motion has been filed by Vasconcellos. Therefore, the plaintiff should be permitted under Rule 41 to dismiss this case as to Vasconcellos without leave of court.

## II. <u>Recommendation</u>

For the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be DISMISSED as to defendant Vasconcellos and the case CLOSED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 26th day of July, 2011.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
